LEMONT, Respondent, v. THAYER, Appellant.

(162 N. W. 742.)

(File No. 3929.   Opinion filed May 16, 1917.   Rehearing denied August 7, 1917.)

1. **New Trial—Deceit re Land Title—Purchase Money in Sale Agent's Hands—Obligation to Return to Vendor—Instruction, Ground for New Trial—Relief in Present Suit.**

In a suit for damages for deceit concerning title to realty sold by defendant as agent for another, to plaintiff, defendant having paid over to his principal all purchase money received from plaintiff, except $200, before discovering that his principal's representations to him as to title, and which he had communicated to plaintiff, were false, **held**, that an instruction that as to the money not paid over, $120 of which defendant was to retain as his commission, and $40 of which was to go to another agent, defendant was obligated to restore it to

plaintiff, was not erroneous. **Held,** further, that recovery of
the withheld money could be had in the present suit; and the .
fact that plaintiff sued on theory that defendant knew of
falsity of the representations at time they were made, is no
reason for denying him relief in this action as to the with-
held money and compelling him to sue again, even though it
proved that defendant did not know of the fraud at the time,
etc.; and that violation of said instruction was sufficient ground
for granting a new trial.

2.   **Appeals—Error—Review—Granting New Trial, Assignment of
      Error for—Irrelevancy of Assignments re Directing Verdict,
      and Instructions.**

   Where new trial is granted, the only available assignment of
error on appeal is that involving such order; and correctness of
such ruling is determinable upon specifications of error found
in settled record; and assignments of error involving failure to
direct verdict, and giving of instructions, present no questions
for review on such record.

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH
W. JONES, Judge.

Action by C. W. Lemont, against H. E. Thayer, to recover
damages for deceit regarding title to land sold to plaintiff by
defendant as agent of owner. Judgment for defendant. From
an order granting a new trial, defendant appeals. Affirmed.

*A. B. Carlson, for Appellant.*

*Kennedy & Kennedy,* for Respondent.

(1) To point one of the opinion, Appellant cited: Pierce v.
Carey, 37 Wis. 235; Minnehaha National Bank v. Hurley, (S.
D.) 82 N. W. 87; Craigo v. Craigo, 118 N. W. 713 (S. D.);
Jenkins v. C. & O. Ry. Co., 49 L. R. A. (N. S.) 1166 (W. Va.);
Bogart v. Crosby, 22 Pac. 84, (Cal.); Annotations to Simmonds
v. Long, 23 L. R. A. (N. S.) 555; Riley v. Bell, 95 N. W. 170
(Iowa); Westerman v. Corder (Kas.) 39 L. R. A. (N. S.) 500.

Respondent cited: Civ. Code, Secs. 1695, 1696, 1670, 1671;
Kennedy v. Stonehouse, (N. D.) 100 N. W. 258.

GATES, P. J. Action for damages for deceit in regard to
the title to certain lands sold by defendant as agent for another
to plaintiff. Verdict and judgment were for defendant. From
an order granting a new trial, defendant appeals.

[1] The evidence tended to show that defendant had paid
over to his principal all of the purchase money received from
plaintiff, except $160, before he discovered that the representa-

tions his principal had made to him and which he had communi-
cated to plaintiff were false. Of this sum $40 was to go to
another agent and defendant was to retain $120 for his commis-
sion. The trial court instructed the jury that as to the money
not paid over at the time of the discovery of the fraud the defend-
ant would be under obligations to restore it to plaintiff. The
violation of this instruction was a sufficient ground for granting
the new trial without regard to the other reasons urged by the
plaintiff in his motion for a new trial. Counsel for appellant
insists that such instruction was erroneous, and that the recovery
of the withheld money could not be had in this action. We
think counsel are clearly in error. Because suit was brought
for the whole loaf is no reason for denying judgment for a slice.
Because plaintiff was of the opinion that defendant knew of the
falsity of the representations at the time they were made and
brought this action on that theory, there is no reason for denying
him relief in this action as to the withheld money and com-
pelling him to bring another action to recover it, even though it
developed that defendant did not know of the fraud at the time
he made the representations. It may be entirely true that defend-
ant was not guilty of deceit; yet when he discovered the deceit it
was his duty to pay to the deceived the money he still had on
hand, and it would be farcical to compel plaintiff to bring another
action therefor. We think the trial court did not abuse its dis-
cretion in granting a new trial.

[2] There is another matter that seems to be misunderstood
by counsel for appellant. He has assigned as error, and properly
so, the granting of the new trial. He has, however, also assigned
as error the denial of his motion for a directed verdict at the
close of plaintiff's evidence and at the close of all the evidence
and the giving of an instruction. These three matters are not
before us and are not proper assignments of error in view of the
situation. Where a new trial is granted, the only assignment of
error available to the appellant in this court is that the trial court
erred in granting a new trial, specifying the reasons, and the
correctness of the ruling of the trial court is to be determined
upon the specifications of error as contained in the settled record.

The order appealed from is affirmed.